**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

Raymond SHANNON, aka Stuff,
Defendant–Appellant.

No. 08–50180.

United States Court of Appeals,
Ninth Circuit.

Submitted March 16, 2010.*

Filed April 5, 2010.

Carole C. Peterson, Esquire, Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Carlton Gunn, Esquire, Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, LEAVY, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Raymond Shannon appeals from the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Shannon contends that Amendment 706 to the United States Sentencing Guidelines, retroactively amending U.S.S.G. § 2D1.1 with respect to offenses involving crack cocaine, authorizes the district court to resentence him. The district court did not err by concluding that it lacked jurisdiction pursuant to § 3582(c)(2) to modify Shannon's sentence, as he would have been subject to the same sentencing range had Amendment 706 been in place at the time he was sentenced. See U.S.S.G. § 4B1.1 (2000) (providing that the career offender base offense level applies where it is greater than the applicable base offense level under § 2D1.1). Thus, Shannon's "sentence is not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' as required by § 3582(c)(2)." See United States v. Leniear, 574 F.3d 668, 673 (9th Cir.2009) (quoting 18 U.S.C. § 3582(c)(2)); see also United States v. Wesson, 583 F.3d 728, 731 (9th Cir.2009).

Shannon's motion to expedite this appeal for oral argument is denied.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

